# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

)
RAPHEAL PROCTOR, )
 )
       Plaintiff, )
 )
       v. ) Civil Action No. 17-1931 (ABJ)
 )
TITLE 4-D, )
*Child Support Enforcement Agency, et al.*, )
 )
       Defendants. )
)

## MEMORANDUM OPINION

On September 21, 2017, *pro se* plaintiff Rapheal Proctor filed this lawsuit against the District of Columbia agency he referred to as "Title 4-D Child Support Enforcement Agency,"[1] Aggie Rhodes, one of the agency's employees, Adia L. Melendez, a D.C. Superior Court Magistrate Judge, and Donald Wills,[2] who plaintiff identifies as his employer. Compl. [Dkt. # 1]. Plaintiff appears to be challenging the initiation and enforcement of a child support order. *See generally id.*

Plaintiff bases his claim on 42 U.S.C. § 1983, and he alleges that the child support order violates his constitutional right to due process, his right to equal protection under the law, and his right not to be compelled to be a witness against himself. Compl. at 1–3, 6, 8 ("I'm filling [*sic*]

---

1     Although plaintiff named Title 4-D Child Support Enforcement Agency as a defendant, the correct name of the defendant appears to be the District of Columbia Child Support Services Division ("CSSD"). *See* Defs.' Mot. to Dismiss [Dkt. # 12] ("Defs.' Mot.") at 1. Therefore, the Court will refer to defendant as CSSD.

2     Plaintiff refers to a "Donald Willis" in the complaint, *see* Compl. [Dkt. # 1] at 1, 3, but defendant identified this as a spelling error in his motion to dismiss. *See* Donald Wills Mot. to Dismiss Compl. [Dkt. # 6] ("Wills Mot."). The correct name of the defendant is Donald Wills, and the Court will refer to him by that name.

this complaint resulting from child support hearing where my constitutional rights have been violated I've been jailed and force[d] to enter into a contract."). He also seems to bring a defamation claim against the agency. *Id.* at 9–10 (defining "defamation" and alleging that he has "been stalked[,] labeled an obligor, and dead beat dad which are false statements, my property and my public image has been tarnished and vandalized . . . as a result of the child support enforcement agencies [*sic*] tactics to enforce an unfair and bias[ed] contract"). In his complaint, plaintiff seeks injunctive relief "to put a stop to ongoing income with holdings [*sic*] and repeated conduct that violates [his] rights," as well as $75,000 dollars in damages. *Id.* at 10.

Pending before the Court are two motions to dismiss: one filed by defendant Wills on October 16, 2017, and one filed on November 22, 2017 by defendants CSSD and Rhodes. Wills Mot.; Defs.' Mot.; Mem. of P. & A. in Supp. of Defs.' Mot. [Dkt. # 12] ("Defs.' Mem."). Defendant Wills argues that the case against him should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because the complaint "lacks any allegations that [he] individually took or has taken any action against the [p]laintiff." Wills Mot. at 2. The other defendants moved to dismiss the case under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) arguing that: (1) the Court lacks subject matter jurisdiction to hear the matter under the domestic relations exception; (2) under the *Younger* abstention doctrine, the Court should not interfere with an ongoing Superior Court proceeding; (3) defendant CSSD is *non sui juris* and therefore cannot be sued, but substituting the District of Columbia as the proper defendant would be futile because plaintiff has failed to state a plausible claim for municipal liability under 42 U.S.C. § 1983; (4) the complaint does not allege any wrongdoing by defendant Aggie Rhodes; and (5) Magistrate Judge Melendez is entitled to absolute immunity for actions taken in her judicial capacity. *See* Defs.' Mot. at 1.

The Court informed plaintiff on November 2, 2017, and again on November 22, 2017, that if he did not file a timely response to either motion to dismiss, the Court would treat the motions as conceded and dismiss the case. Order [Dkt. # 11]; Order [Dkt. # 13]. Plaintiff filed a single opposition on November 27, 2017, Opp. to Mot. to Dismiss [Dkt. # 14] ("Pl.'s Opp."), and both defendants replied. Defs.' Reply in Supp. of Defs.' Mot. [Dkt. # 15] ("Defs.' Reply"); Donald Wills Reply in Supp. of Wills Mot. [Dkt. # 16] ("Wills Reply").

Because the Court cannot hear the case under the domestic relations exception to federal court jurisdiction as well as under the *Younger* abstention doctrine, and the Magistrate Judge is absolutely immune, the Court will grant defendants' motions and dismiss the case for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff is a party to an ongoing child support proceeding in D.C. Superior Court. *See* Ex. 1 to Defs.' Mot. [Dkt. # 12-1] ("Superior Court Docket").[3] On July 14, 2017, that court determined that plaintiff was the father of a minor child based on genetic test results. *Id.* at No. 17. At the same hearing, Magistrate Judge Melendez entered a Temporary Support Order requiring plaintiff to pay $1,080.00 per month in child support. *Id.* at No. 16.

Plaintiff alleges that he was held in contempt of court by Magistrate Judge Melendez, and that he was then jailed and "forced to enter into a contract with the child support enforcement program via [a] [c]ourt ordered DNA test which [he] didn't consent to." Compl. at 3. After the

---

3     Due to the personal nature of paternity proceedings, the Court does not have access to the current version of the Superior Court docket. On July 11, 2018, the Court ordered CSSD to submit a status report confirming that the case is still ongoing. Min. Order (July 11, 2018). On July 12, 2018, defendant informed the Court that the case is still pending, and it provided the Court with the most recent version of the docket. Status Report [Dkt. # 17]; Ex. 1 to Status Report [Dkt. # 17-1].

DNA test, plaintiff claims that CSSD issued an income withholding order, without a judicial signature, to his employer defendant Wills. *Id.* The complaint alleges that the order is "fraudulent" because it requires him to pay $1,080.00 per month "without [having] inquir[ed] [into his] ability to pay." *Id.*

Despite his alleged attempts to put a stop to the withholding order "via email and faxes and trips delivering a deprivation of rights warning to the child support enforcement agency," plaintiff claims that defendant Wills continues "to send [his] compensation for [his] labor to the wage with holding [*sic*] unit at the child support collection agency." Compl. at 3. Further, plaintiff alleges that he has been falsely labeled a "dead beat dad," that his "public image has been tarnished," and that he has "been threatened and targeted at [his] home and at [his] work place" by media "as a result of the child support enforcement agenc[y's] tactics to enforce an unfair and bias[ed] contract." *Id.* at 9–10. The complaint alleges that this "[d]efamation has negatively impacted [plaintiff's] performance at [his] job," and it caused him to be terminated. *Id.* at 10.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

## I. Subject Matter Jurisdiction

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II. Failure to State a Claim

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*,

the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79, citing *Twombly*, 550 U.S. at 555–56.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), citing *Schuler*, 617 F.2d at 608. Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See Kowal*, 16 F.3d at 1276. In ruling upon a motion to dismiss for failure to

state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

**I.   Plaintiff's section 1983 claim will be dismissed for lack of subject matter jurisdiction pursuant to the domestic relations exception to federal court jurisdiction.**

Plaintiff claims that his rights to due process, equal protection, and against self-incrimination under the Constitution[4] were violated in contravention of 42 U.S.C. § 1983 when defendants allegedly: jailed him and forced him to take a DNA test; implemented the child support order without a judicial signature; failed to properly assess the arrearage of his child support payments, resulting in his inability to pay the $1,080.00 monthly payment; and garnished his wages. *See* Compl. at 2–4, 8. Ultimately, plaintiff's lawsuit seeks to enjoin the enforcement of his child support obligations and/or to have those obligations modified or recalculated. *See id.* at

---

4   Plaintiff alleges that defendants deprived him "of inherent rights to life, liberty, property, and safety pursuance of happiness." Compl. at 5. He also claims that defendants' actions are "a violation of the right of parents, under the due process clause of the Constitution's Fourteenth Amendment, to make decisions concerning the care, custody, and control of their children." *Id.* at 8. Further, plaintiff claims that "[n]o person shall be denied the equal protection of the laws," and that he was denied that protection when his HVAC license was suspended and his "taxes [were] intercepted without [his] consent." *Id.* at 6. Finally, in reference to being "forced" to provide the Superior Court with a DNA test, plaintiff alleges that "[n]o person shall be compelled to give testimony tending in any manner to be self-incriminating." *Id.* at 3. Because the District of Columbia "is a political entity created by the federal government, it is subject to the restrictions of the Fifth Amendment, not the Fourteenth." *Propert v. District of Columbia*, 948 F.2d 1327, 1330 n.5 (D.C. Cir. 1991). Since plaintiff is proceeding *pro se* and the Court must hold the complaint to "less stringent standards," *Haines*, 404 U.S. at 520, the Court will construe plaintiff's claims as arising under the Fifth Amendment of the Constitution. *See* U.S. Const. amend. V ("No person shall . . . be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law.").

7

10. However, the Court lacks jurisdiction to hear such a claim under the domestic relations exception to federal jurisdiction.

Under the domestic relations exception, federal courts do not have the "power to issue divorce, alimony, and child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to determine child support obligations. *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that the domestic relationship exception divests a federal court of jurisdiction over "grant[ing] a divorce, determin[ing] alimony or support obligations, or resolv[ing] parental conflicts over the custody of their children"). That is because the "whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt*, 504 U.S. at 703, citing *In re Burrus*, 136 U.S. 586, 593–94 (1890). Accordingly, the Court must dismiss any claims seeking to enjoin or modify enforcement of the child support order. *See Delaney v. District of Columbia*, 659 F. Supp. 2d 185, 193 (D.D.C. 2009) (dismissing claims seeking to effect child support orders for lack of subject

matter jurisdiction). Therefore, the section 1983 claim against defendants will be dismissed for lack of subject matter jurisdiction.[5]

---

5     There are other independent grounds to dismiss the section 1983 claim against each defendant. Defendant Wills moved to dismiss the complaint on the basis that he was not plaintiff's employer, and that the complaint failed to state a claim against him under Rule 12(b)(6). Wills Mot. at 2. To state a claim under section 1983, a plaintiff "must allege that some person has deprived him of a federal right" and "that the person who has deprived him of that right acted" "under color of any statute, ordinance, regulation, custom, or usage or any State or Territory." *Gomez v. Toledo*, 446 U.S. 635, 639–40 (1980), quoting 42 U.S.C. § 1983. Although section 1983 ordinarily does not create a cause of action related to the conduct of private parties, private conduct may be deemed to be "under color of state law" when it is "fairly attributable" to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). This has been interpreted to include two circumstances: when private parties "conspire with state officials, and when they willfully engage in joint activity with a state or its agents." *Hoai v. Vo.*, 935 F.2d 308, 313 (D.C. Cir. 1991). Here, while plaintiff invokes the conclusory phrase, "under color of state law," the gravamen of his complaint against defendant Wills is that Wills has complied with an order issued by a court and "continue[s] to send compensation for [his] labor to the wage with holding [*sic*] unit at the child support collection agency." Compl. at 3. These allegations of compliance with a court order do not give rise to a plausible claim of any "conspiracy" or that he is "willfully" engaging in "joint" activity. *See Hoai*, 935 F.2d at 313 (upholding district court's dismissal of section 1983 claims for failure to allege a conspiracy or joint action with the state, and observing that "mere recourse to state or local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability"). Therefore, the Court concludes that plaintiff has failed to state a claim under section 1983 against defendant Wills.

    CSSD argues that the section 1983 claim against it should be dismissed under Rule 12(b)(6) because it is *non sui juris* and it is therefore not a proper party. Defs.' Mem. at 8. The Court agrees. "It is well-settled that a department or agency of the District of Columbia cannot sue or be sued in its own name in the absence of a statutory provision to that effect." *Whitehead v. D.C. Child Support Servs. Div.*, 892 F. Supp. 2d 315, 319 (D.D.C. 2012) (dismissing constitutional claims against CSSD because CSSD is *non sui juris*); *see Braxton v. Nat'l Capital Hous. Auth.*, 396 A.2d 215, 216 (D.C. 1978) ("Cases in this jurisdiction have consistently found that bodies within the District of Columbia government are not suable as separate entities."). Moreover, even if the Court substituted the District of Columbia as a proper defendant, the section 1983 claim against it would still be dismissed because plaintiff's complaint is completely devoid of any allegations of a municipal policy or custom that caused his injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 694–95 (1978); *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). In his opposition, plaintiff maintains that CSSD, Rhodes, and Magistrate Judge Melendez have an unconstitutional "municipal policy" of "hold[ing] [e]x [p]arte conferences, hearings, or [o]rders denying parental rights or personal liberties." Pl.'s Opp. at 4. While the Court must "consider [plaintiff's] filings as a whole before dismissing a complaint," *Schnitzler*, 761 F.3d at 38 (citation omitted), these allegations fall short of alleging an "'affirmative link,' such that a municipal policy was the 'moving force' behind the constitutional violation." *Baker*, 326 F.3d at 1306 (citations omitted). [Continued on next page].

**II. Alternatively, the Court has grounds to dismiss plaintiff's section 1983 claim under the *Younger* abstention doctrine.**

Plaintiff seeks injunctive relief "to put a stop to ongoing income with holdings [*sic*] and repeated conduct that violates [his] rights." Compl. at 10. Defendants maintain that the Court is required to abstain from interfering with an ongoing proceeding in Superior Court under the *Younger* doctrine. Defs.' Mem. at 7–8. The Court agrees.

Putting aside the merits of plaintiff's section 1983 claim, the *Younger* abstention doctrine requires that "except under special circumstances," a federal court should not "enjoin pending state proceedings." *Younger v. Harris*, 401 U.S. 37, 41 (1971); *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603–04 (1975) (extending *Younger* to pending civil state court proceedings). The District of Columbia is considered a state for *Younger* purposes. *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1125 (D.C. Cir. 2004). The *Younger* doctrine, based upon principles of equity and comity, 401 U.S. at 43–44, precludes federal intervention where three criteria are met: 1) there are ongoing state proceedings that are judicial in nature, 2) the state proceedings implicate important state interests, and 3) the proceedings afford an adequate opportunity to raise the federal

---

[Continued from previous page]. Further, defendants argue that, to the extent Rhodes is sued in her official capacity under section 1983, the claim must be dismissed under Rule 12(b)(6) as duplicative. Defs.' Mem. at 10. Because "[a] section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself," *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996), the Court concludes that this is another independent grounds to dismiss this claim against defendant Rhodes.

Finally, while the Office of the Attorney General acknowledges that it does not represent Magistrate Judge Melendez, it argues that "District law does not support [p]laintiff's claim against [her] because she has absolute immunity for any actions taken in her judicial capacity." Defs.' Mot. at 1 n.1; Defs.' Mem. at 10–11. Defendant Melendez has not entered an appearance in this case, and it is unclear if she has been properly served. *See* Aff. of Mailing [Dkt. # 3]. But the law is clear that judges are entitled to absolute immunity from lawsuits that arise out of the performance of judicial functions. *Forrester v. White*, 484 U.S. 219, 225–28 (1988). Plaintiff's claim against Magistrate Judge Melendez relates to the allegedly unlawful DNA test and the issuance of the child support order, matters undertaken by the Magistrate Judge in her judicial capacity. Therefore, any claim against her related to this conduct is barred.

claims. *Bridges v. Kelly*, 84 F.3d 470, 476 (D.C. Cir. 1996), citing *Hoai v. Sun Ref. Mktg. Co.*, 866 F.2d 1515, 1518 (D.C. Cir. 1989). Extraordinary circumstances may allow a federal court to intervene when the state action was brought in bad faith or where a state statute is flagrantly unconstitutional. *JMM Corp.*, 378 F.3d at 1126, citing *Younger*, 401 U.S. at 41, 53–54.

Plaintiff's suit meets the criteria for *Younger* abstention. First, plaintiff is subject to an ongoing child support order, which is to be monitored by the D.C. Superior Court, and is considered "an open case that does not terminate until the child support order is finally discharged." *Delaney*, 659 F. Supp. 2d at 194, citing *Dixon v. Kuhn*, 257 F. App'x 553 (3d Cir. 2007); *see also Whitehead*, 892 F. Supp. 2d at 318 (using the *Younger* doctrine to dismiss the plaintiff's claims that the garnishment of his wages to pay an ongoing child support order was unlawful). Second, states have a recognized interest in "ordering and enforcing child support obligations." *Delaney*, 659 F. Supp. 2d at 194 (citation omitted); *see also Ankenbrandt*, 504 U.S. at 703–04 (recognizing that "state courts are more eminently suited to work on" divorce, alimony, and child custody decrees "than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over" those subjects). Third, plaintiff has an adequate opportunity to raise his constitutional claims in Superior Court.[6] *See JMM Corp.*, 378 F.3d at 1127 (holding that the plaintiff had a fair opportunity to raise constitutional claims as defenses in the state court proceeding); *Whitehead*, 892 F. Supp. 2d at 318 ("Finally, [p]laintiff can bring his due process challenge before the Superior Court as a defense in any proceeding to enforce his child support obligations."); *Delaney*, 659 F. Supp. 2d at 194 (same).

---

6     He also has the opportunity to request a review of his child support order at any time. *See* 45 C.F.R. § 303.8(b)(1).

Finally, no extraordinary circumstances exist to warrant the relief plaintiff seeks. Plaintiff does not allege that defendants acted in bad faith or in a harassing manner, nor does he claim that Title IV-D of the Social Security Act, *see* 42 U.S.C. § 651 *et seq.*, which supplies the enforcement mechanism for child support obligations, is "flagrantly unconstitutional."[7] Further, as another court in this district has observed, "[n]o extraordinary circumstances exist to warrant . . . equitable relief . . . since child support orders in the District of Columbia are 'routinely and properly enforced by wage withholding.'" *Whitehead*, 892 F. Supp. 2d at 319 (citation omitted).

Therefore, to the extent the complaint asks the Court to intervene in the pending D.C. Superior Court matter, the Court will not do so, and the section 1983 claim will be dismissed for lack of subject matter jurisdiction.[8]

**CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss will be granted.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: July 17, 2018

---

[7] Plaintiff's only allegation with regard to "Title 4-D" of the statute is that it "was not enacted into positive law . . . and therefore imposes no obligation on anyone who does not volunteer to be subject to it." Compl. at 6.

[8] To the extent any state law defamation claim remains against any defendant, the Court chooses, in its discretion, not to exercise supplemental jurisdiction over it now that all federal claims over which it had original jurisdiction have been dismissed. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").